**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0578n.06

Case No. 18-2000

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 25, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| EUGENE REESE, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | **OPINION** |
| | ) | |

BEFORE: McKEAGUE, BUSH, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. Few cases are more straightforward than this one. Eugene Reese appeals his federal convictions for violating the Double Jeopardy Clause of the Fifth Amendment. The State of Michigan convicted him for what we assume—for this decision—was the same offense. And he argues only that, when he filed his brief, the Supreme Court was considering overturning the dual-sovereignty doctrine, which allows separate sovereigns—in Reese's case, the State of Michigan and the United States—to prosecute a defendant for the same offense. Reese asked us to vacate his federal convictions *if* the Court overruled the doctrine in its then-forthcoming decision. But the Court did not. So we affirm.

A Michigan State Police trooper pulled over a vehicle in which Reese was a passenger and found heroin inside. Reese admitted that the heroin was his and that he conspired to distribute the heroin. In federal court, Reese pleaded guilty to (1) conspiracy to distribute and possess with intent to distribute heroin and (2) possession with intent to distribute heroin. Then in the Third Judicial

1

Circuit of Michigan, he pleaded guilty to a similar state charge arising from the same incident, and a state judge sentenced him soon after. Several months later, the federal district court judge sentenced him for his federal convictions.

The United States argues that Reese forfeited his double-jeopardy argument and that we should thus review his claim for plain error. We decline to decide whether Reese forfeited the issue because no matter the standard under which we analyze his claim, the answer is the same: he loses.

The dual-sovereignty doctrine permits federal and state prosecutions for the same offense. *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019). In *Gamble*, a prisoner asked the Court to overturn the longstanding principle. *Id.* But in a decision rendered a few months after Reese filed his brief, the Court reaffirmed the doctrine. *Id.* So Reese's sole argument fails. The United States permissibly prosecuted him even though the State of Michigan did too.

We affirm.